```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF SOUTH CAROLINA
                        ROCK HILL DIVISION
```

| | |
|---|---|
| Tracey Peterson,                          ) | Civil Action No.: 0:11-cv-01112-RBH |
|         Plaintiff,                        ) | |
| v.                                        ) | **ORDER** |
| Michael J. Astrue, Commissioner of        ) | |
| the Social Security Administration,       ) | |
|         Defendant.                       ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Paige J. Gossett.[1] Plaintiff Tracey Peterson brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act"). In his R&R, the Magistrate Judge recommends affirming the decision of the Commissioner.

## Factual Findings and Procedural History

Plaintiff applied for disability insurance benefits in March 2007, alleging that she became unable to work on March 1, 2007. The application was denied initially and on reconsideration. Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). That hearing was held on October 22, 2009, and Plaintiff appeared and testified. A vocational expert also testified. The ALJ issued a decision dated February 19, 2010, finding that Plaintiff was not disabled. The ALJ's overall findings were as follows:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to the Magistrate Judge.

> 2. The claimant has not engaged in substantial gainful activity since March 1, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: neurofibromatosis with associated right shoulder and ankle pain; back pain status post a motor vehicle accident, depression, and anxiety (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a limited range [of] light work as defined in 20 CFR 404.1567(b). The claimant is capable of lifting and/or carrying objects weighing up to 10 pounds on a frequent basis and up to 20 pounds on an occasional basis; standing 2 hours in an eight hour workday, walking up to 6 hours in an eight hour workday, and sitting (with normal breaks) for a total of up to six hours per eight-hour work day. (20 CFR 404.1545 and 20 CFR 416.945, and Social Security Ruling (SSR 96- 8p). The claimant can frequently climb, kneel, balance, and stoop; can occasionally crouch, crawl, and climb ropes[,] ladders[,] and scaffolds. The claimant can perform simple one to [two] step tasks and should have only occasional contact with the public.
>
> . . .
>
> 6. The claimant is capable of performing past relevant work as a marker. This work does not require the performance of work-related activities precluded by the claimant[']s residual functional capacity (20 CFR 404.1565).
>
> . . .
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2007 through the date of this decision (20 CFR 404.1520(f)).

Tr. 650-57.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review. On May 9, 2011, Plaintiff filed this action seeking judicial review of the Commissioner's decision. Compl., ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 19, 21, 25, and the Magistrate Judge issued his Report and Recommendation ("R&R") on June 21, 2012, recommending that the Commissioner's decision be affirmed, R&R, ECF No. 28. Plaintiff filed timely objections to the R&R on July 16, 2012, Pl.'s Objs., ECF No. 31, and Plaintiff replied on August 2, 2012, Def.'s Reply, ECF No. 33.

## Standard of Review

The role of the federal judiciary in the administrative scheme established by the Act is a limited one. The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citations omitted).

This statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court "must uphold the factual findings of the [Commissioner] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1973) (holding that the Court must uphold the decision supported by substantial evidence "even should [it] disagree"). "From this it does not follow, however, that the findings of the

administrative agency are to be mechanically accepted." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assume that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Furthermore, a *de novo* review is conducted of the Magistrate Judge's R&R. 28 U.S.C. § 636(b)(1). The R&R is only a recommendation to the Court and has no presumptive weight; indeed, the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. § 636(b)(1).

The right to *de novo* review, however, may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). In that event, however, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Determination of Disability**

Under the Act, Plaintiff's eligibility for the benefits she is seeking hinges on whether she is under a "disability." 42 U.S.C. § 423(a). The term "disability" is defined as the "inability to engage

4

in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." *Id.* § 423(d)(1)(A). "The ultimate burden to prove disability lies on the claimant." *Preston v. Heckler*, 769 F.2d 988, 991 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that her impairments meet or medically equal the listed impairments set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the claimant's (1) "residual functional capacity," *id.* § 404.1560; (2) age, *id.* § 404.1563; (3) education, *id.* § 404.1564; (4) work experience, *id.* § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id.* § 404.1560. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform her previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id.* § 404.1560. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or medically equals the criteria of Appendix 1, (4)

5

whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

## Analysis

The Magistrate Judge recommends affirming the decision of the Commissioner. Specifically, the Magistrate Judge concludes (1) that the Commissioner's decision to give little weight to an opinion of Plaintiff's treating physician, Dr. Robert Kaemmerlen, was supported by substantial evidence and (2) that Plaintiff failed to show that the Commissioner's decision to reject an opinion from a examining, state agency psychologist, Dr. James Ruffing, was not supported by substantial evidence.

Plaintiff objects to the Magistrate Judge's recommendations. First, she argues the Magistrate Judge improperly concluded that substantial evidence supported the Commissioner's decision to give little weight to Dr. Kaemmerlen's opinion when Dr. Kaemmerlen was her treating physician. Second, she contends the Magistrate Judge improperly concluded that the Commissioner's erroneous finding regarding Plaintiff's retention of Dr. Ruffing and its effect on the weight of his opinion was harmless. Furthermore, she contends the Magistrate Judge improperly relied on the Commissioner's mischaracterization of her hearing testimony in finding the error was harmless. The Court addresses Plaintiff's objections in turn.

*1. Dr. Robert Kaemmerlen's Medical Opinions*

Plaintiff argues it was error for the Commissioner to discount Dr. Kaemmerlen's September 1, 2009 opinion, which concluded that Plaintiff's neurofibromatosis and mental impairments would significantly contribute to her inability to work. Specifically, Plaintiff contends the Commission did not weigh all of the evidence and "relied on a list of objective factors which are not in the record." Pl.'s Objs. 5. The Commissioner gave little weight to the opinion, finding that the clinical evidence,

along with Kaemmerlen's treating records, did not support the degree of limitations expressed in the opinion. Tr. 655-56. And the Magistrate Judge concluded that the Commissioner's assignment of weight was supported by substantial evidence. R&R 9.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the [Commissioner] holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

If the Commissioner determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following non-exclusive list of factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; (5) whether the physician is a specialist in the area in which he is rendering an opinion; and (6) other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c); *see also Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005). The Commissioner must give specific reasons, supported by the record, for the weight given to a treating physician's medical opinion. SSR 96-2p.

Plaintiff cites the case of *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006), to support her argument that the Commissioner erred in considering objective factors that were not in the record to

7

discount Dr. Kaemmerlen's opinion. However, *Hines* was not a ruling on the assessment of a medical opinion of a treating physician, but rather an opinion on weighing a claimant's subjective complaints of pain when the findings were contradicted by *undisputed* evidence. *Id.* at 566. The Fourth Circuit reversed the Commissioner's decision in *Hines* because the Commissioner improperly applied the holding of *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989), that "there need not be objective evidence of the pain itself or its intensity" as long as there is "objective medical evidence of some condition that could reasonably produce the pain." The Commissioner in *Hines* "*required* objective evidence that [the claimant's] pain was so intense as to prevent him from working an eight hour day." 453 F.3d at 563-64 (emphasis added). That is not at issue here.

Here, the Magistrate Judge "observe[d] that the [Commissioner] did not deny that Peterson suffered from neurofibromatosis and experienced neuropathic pain as a result; rather, he found that Dr. Kaemmerlen's own treatment notes did not reflect the degree of limitations that were expressed in Dr. Kaemmerlen's 2009 opinion statement." Moreover, the Magistrate Judge pointed out the weight the Commissioner gave Dr. Kaemmerlen's opinion of Plaintiff's mental limitations was consistent with the weight he gave to the state agency medical experts, who all "opined that Peterson was capable of understanding, remembering, and carrying out simple instructions." R&R 9. The Court finds no error in this recommendation.

The weighing of medical opinions is the prerogative of the Commissioner, as long as his findings are supported by the substantial evidence. *Mastro*, 270 F.3d at 178. Dr. Kaemmerlen's September 1, 2009 opinions were required to be assessed against the backdrop of the opinions of other medical experts, of Dr. Kaemmerlen's treating records, and of the above standard applied to the opinions of treating physicians. 20 C.F.R. § 404.1527(c). As for Plaintiff's neurofibromatosis, the Commissioner acknowledged its existence; however, he declined to give Dr. Kaemmerlen's

8

opinion as to its severity controlling weight in light of inconsistencies with other substantial evidence in the record. Specifically, the Commissioner found evidence in Dr. Kaemmerlen's records of "full range of motion of all joints" and "no acute distress." Tr. 656-57. Moreover, the Commissioner notes that, while Dr. Kaemmerlen opined that Plaintiff's neurofibromatosis is disfiguring, his treatment notes show no "deformity in the extremities," "no musculoskeletal deformity[,] and no deformity related to inflammation or lesions." *Id.* Indeed, the Commissioner expressly placed great weight on Dr. Kaemmerlen's inability to find cause for Plaintiff's shoulder pain. *Id.*

The Commissioner, furthermore, recognized the existence of Plaintiff's depression; however, he declined to find it was cause for disability despite Dr. Kaemmerlen's September 1, 2009 opinion that Plaintiff's depression was significant. Tr. 422. The Commissioner emphasized Dr. Kaemmerlen's "records . . . state that [Plaintiff's] depression was stable as long as she takes her medicine."[2] Tr. 422. Moreover, as the Magistrate Judge notes, Dr. Kammerlen's opinion as to Plaintiff's mental limitations should be read in conjunction with the weight assigned to the state agency medical experts, which the Commissioner found consistent with the record. *See* Tr. 655.

Therefore, the Court finds no error in the Magistrate Judge's conclusion that substantial evidence supports the Commissioner's decision to discount the Dr. Kaemmerlen's opinions in his September 1, 2009 letter. Plaintiff's objection is overruled.

2. *Dr. James Ruffing's 2009 Medical Opinions*

Plaintiff contends the Magistrate Judge improperly weighed the opinions of Dr. Ruffing in a September 22, 2009 statement "clarifying" his 2007 opinion.[3] Specifically, Plaintiff argues the

---

[2] In the September 1, 2009 letter, Dr. Kaemmerlen notes, "I have described her condition as stable, in that she is no longer having suicidal ideation." Tr. 422.

[3] Dr. Ruffing performed a mental status examination of Plaintiff on June 27, 2007. *See* Tr. 228-31.

9

Magistrate Judge incorrectly dismissed an error[4] of the Commissioner as harmless. Moreover, Plaintiff maintains "the Magistrate Judge erroneously [found] that [Plaintiff] failed to show how the [Commissioner's] decision to reject Dr. Ruffing's 2009 opinion is not supported by substantial evidence." She claims that the Commissioner misinterpreted her testimony during the hearing and that the Magistrate Judge mistakenly adopted the inaccurate findings.

In challenging the Magistrate Judge's conclusion that the Commissioner's error was harmless, Plaintiff contends a finding that an error is harmless is appropriate only when " 'the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.' " Pl.'s Objs. 7 (quoting *Ngaruih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004)). The Magistrate Judge, however, concluded that the Commissioner's decision to reject Dr. Ruffing's 2009 opinion that Plaintiff was unable to "do sustained work" was based on two separate and independent findings. The first, which the Magistrate Judge concluded was erroneous, was the Commissioner's finding that Dr. Ruffing's opinion was "inconsistent with his initial examination" and influenced by the fact he was paid by Plaintiff's counsel. The Commissioner also found, however, that Dr. Ruffing's opinion was not consistent with Plaintiff's daily activities, which indicated an ability to perform a degree of sustained work. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.).

After reviewing the administrative decision and the Magistrate Judge's recommendation, the Court finds the Commissioner adequately stated separate findings to support his decision—that the erroneous finding did not affect his overall decision to give no weight to Dr. Ruffing's 2009

---

[4] The Commissioner dismissed Dr. Ruffing's opinion, in part, because he was "paid to modify [his] previous opinion." Tr. 653. The Magistrate found the finding erroneous because it was not supported by substantial evidence. R&R 11. The Government did not object to the conclusion that the finding was erroneous.

clarification that Plaintiff "would occasionally become overwhelmed by her emotional problems even when trying to keep up with a simple job." Tr. 424; *see also Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding the Commissioner "would have reached the same result notwithstanding his initial error"). Indeed, the Commissioner found Plaintiff's "[c]ooking, doing dishes, laundry, folding clothes, sweeping, mopping taking trash out, dusting, cleaning the bathroom, kitchen, living room, driving, going to church, visiting, shopping, and going to dinner two times a week consistent with an ability to do sustained work." Tr. 652-53. The substantial evidence of her ability to perform sustained work supports the Commissioner's decision to reject Dr. Ruffing's 2009 opinion.

The Plaintiff, however, also objects to the Magistrate Judge's adoption of these findings to support the Commissioner's decision, arguing the findings were a mischaracterization of Plaintiff's hearing testimony. Plaintiff, in effect, challenges the Commissioner's perception of her hearing testimony. For example, she contends that, while she testified "she could perform various household activities," she also testified that she could not perform the activities in an acceptable period of time or without help from her family members. Pl.'s Objs. 9. Despite Plaintiff's disagreement with the Commissioner's characterization, the Commissioner's findings are supported by the record, as the Magistrate Judge concluded. The substantial evidence adequately shows Plaintiff's activities—whether limited by her mental impairments or not—supported the finding that her mental impairments do not preclude her from performing *sustained work*. Plaintiff's ability to perform sustained work must be construed in light of the finding that Plaintiff's residual functional capacity allows her to perform only simple one and two step tasks with occasional contact with the public.[5] Tr. 653. Plaintiff's objection, thus, is overruled.

---

[5] The Commissioner found Plaintiff's residual functional capacity allowed her to perform her past relevant work as a marker in the garment industry. Tr. 657.

## Conclusion

The Court has thoroughly reviewed the entire record as a whole, including the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, and applicable law. For the reasons set forth above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts and incorporates by reference the R&R of the Magistrate Judge. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

August 23, 2012
Florence, South Carolina